# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CASE NUMBERS:** |
| **vs.** | ) | **CR 01-S-414-S** |
| | ) | **CV 05-S-8065-S** |
| **WILLIAM ANTHONY FAGNES,** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |

## MEMORANDUM OPINION

This cause is before the court on the defendant/movant's motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his conviction and sentence. Movant pleaded guilty on March 18, 2002, to attempting to possess with intent to distribute more than five kilograms of cocaine, and was later sentenced to 204 months in custody after the Government moved for a downward departure due to movant's substantial assistance with other investigations. But for the Government's motion, movant was facing a Guideline sentence of life imprisonment. Following movant's sentencing on October 23, 2002, he took no appeal. Although movant filed other papers with the court, including a 48-page plea for a sentence reduction and motions seeking discovery of grand jury minutes, movant did not file his current § 2255 motion until July 25, 2005.[1]

---

[1] The court actually received the motion on July 29, 2005, but the certificate of service signed by movant is date July 25, 2005. The court will assume that was date on which he delivered it to prison

The magistrate judge filed his report and recommendation in this matter on December 11, 2006, recommending that the motion be denied on the basis that it is time barred, having been filed more than one year after the conviction became final. Movant filed his objections to the report and recommendation on January 19, 2007.[2] The objections focus, however, on a strange and rambling tale about how several lawyers, prosecutors, bankers, a congressman, FBI agents, medical examiners, clerk's office employees, court reporters, and state and federal judges have conspired to frame the movant in order to prevent him from revealing a scheme to cover up the murder of a wealthy heiress and to steal from him a $30 million inheritance. This, he contends, shows that he is actually innocent of the charged offenses and, therefore, application of the one-year time bar would amount to an unconstitutional suspension of the writ of *habeas corpus*. As evidence that his conviction was a frame, he asserts, even while admitting that he entered a guilty plea, that he never signed a plea agreement with the Government, never admitted to attempting to possess more than five kilograms of cocaine, and that the transcripts of his plea and sentencing hearings have been altered.

These objections simply fly in the face of reality. Movant did, indeed, sign a

---

officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993).

[2] Once again the court has given the movant the benefit of the "mailbox rule." The court received the objections on January 23, 2007, but it appears from the postmark on the envelope that it was actually mailed on January 19, 2007.

plea agreement with the Government; it is document number 27 in the criminal record.[3]  That plea agreement explicitly recited that, on September 7, 2001, movant and Miguel Angel Davila were seen beside the opened trunk of an automobile in which blocks of cocaine were in plain view.  The agreement further recites that, when the FBI approached, movant attempted to flee down a steep hill before surrendering.  A cell phone in his possession (one of nine cell phones) used the same telephone that Davila and law enforcement authorities called to set up the transfer of cocaine to "Tony."  The simple fact of the matter is that movant pleaded guilty to attempting to possess more than five kilograms of cocaine, and he is not actually innocent of that offense.  The court otherwise agrees that is § 2255 motion is untimely filed.

By separate order, therefore, the movant's objections will be overruled, the magistrate judges report and recommendation adopted, and the § 2255 motion dismissed as time barred.

DONE this 31st day of January, 2007.

_____
United States District Judge

---

[3] Documents 27 and 28 were sealed at the Government's request at the time of the plea because there were ongoing investigations in which movant had supplied information.  The Government's response to the § 2255 motion , however, included an *unsigned* copy of movant's plea agreement as an exhibit.  Because it appears that the need to maintain the seal on documents 27 and 28 has passed, those documents are hereby UNSEALED.